Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRANDON CLEMENT, an individual; RONALD BRIAN EMFINGER, an individual; and GLOBAL WEATHER PRODUCTIONS, LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>NEWS NATION NETWORK PVT. LTD., doing business as "News Nation," an Indian private limited company; and DOES 1 through 10,<br><br>Defendants. | Case No.: 3:25-cv-1540<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>Jury Trial Demanded |

Plaintiffs MICHAEL BRANDON CLEMENT, RONALD BRIAN EMFINGER, and GLOBAL WEATHER PRODUCTIONS LLC, by and through their undersigned attorneys, hereby pray to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. It is also proper under Fed. R. Civ. P. 4(k)(2) since this claim arises under federal law, Defendant News Nation Network Pvt. Ltd. appears to not be subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws. Additionally, in connection with the claims alleged herein, Defendant News Nation Network Pvt. Ltd. filed Counter Notifications pursuant to Digital Millenium Copyright Act (17 U.S.C. § 1202) in which it consented to be subject to the jurisdiction of this judicial district.

## PARTIES

4. Plaintiff MICHAEL BRANDON CLEMENT ("CLEMENT") is an individual residing in Terry, Mississippi.

5. Plaintiff RONALD BRIAN EMFINGER ("EMFINGER") (collectively with CLEMENT, "VIDEOGRAPHER PLAINTIFFS") is an individual residing in Fayetteville, Arkansas.

6. Plaintiff GLOBAL WEATHER PRODUCTIONS LLC ("GWP") (collectively with VIDEOGRAPHER PLAINTIFFS, "Plaintiffs") is a Wyoming

limited liability company with its primary place of business located at 1309 Coffeen Avenue, Suite 1200 in Sheridan, Wyoming 82801.

7. Plaintiffs are informed and believe and thereon allege that Defendant NEWS NATION NETWORK PVT. LTD., doing business as "News Nation" ("NEWS NATION") is a private limited company organized and existing under the laws of India, with its principal place of business at C-165, Naraina Industrial Area, Phase-I, NA New Delhi New Delhi DL 110028 IN and is doing business in and with the State of California and this District.

8. NEWS NATION owns, operates, and manages the website *www.newsnationtv.com* and operates, manages, and exclusively controls the YouTube channel *www.youtube.com/NewsNationTV* (collectively, the "WEBSITES"). NEWS NATION generates substantial revenues from viewership to the WEBSITES by residents of the United States. The WEBSITES are websites that derive revenue in large part from advertising.

9. The videos on the WEBSITES, including the infringing videos at issue in this case, are made available to United States viewers, including in this judicial district, through servers in the United States pursuant to an agreement between NEWS NATION and California-based Cloudflare's delivery network (www.cloudflare.com).

10. Plaintiffs are informed and believe and thereon allege that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiffs' copyrights, have contributed to the infringement of Plaintiffs' copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiffs, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT VIDEOS

12. The VIDEOGRAPHER PLAINTIFFS are professional and intrepid videographers who travel the globe to document weather extremes, from tornadoes, hurricanes, floods, blizzards, volcanoes, and climate change impacts. Plaintiff GWP is a production company that manages, owns, controls, and licenses various videos created by Plaintiff CLEMENT and other videographers.

13. The VIDEOGRAPHER PLAINTIFFS and GWP separately own all rights and interest in twenty (20) videos depicting extreme weather events (the "Subject Videos"). The Subject Videos have all been duly and properly registered with the United States Copyright Office.

14. Without authorization, consent, license, or permission from Plaintiffs, Defendants misappropriated, distributed, and published the Subject Videos on the WEBSITES for their own commercial use (the "Infringing Uses"). Specifically, Defendants misappropriated, distributed, and published the Subject Videos on news segments on www.newsnationtv.com and re-published the same on their YouTube channel www.youtube.com/NewsNationTV. Attached hereto as **Exhibit A** are URLs of the Infringing Uses, URLs of the online sources of the Subject Videos, and copyright information for the same.

15. Upon information and belief, Plaintiffs allege that Defendants took the Subject Videos from Plaintiffs' YouTube channels, made unauthorized copies of the Subject Videos, then cropped and edited the works before adding their own name to the works and publishing the same under their own name and/or a false name.

16. NEWS NATION purposefully directed activities towards the United States market by, *inter alia*, contracting with California-based Cloudflare to deliver content to the sizeable market of Hindi-speaking viewers in the United States through a system of servers located throughout the United States—the very activities out of which claims at issue arise.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

17. Plaintiffs repeat, re-allege and incorporate herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

18. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, infringed Plaintiffs' copyrights by creating infringing and/or derivative works from the Subject Videos and by publishing the works which infringe the Subject Videos to the public, including without limitation, on and through its WEBSITES.

19. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, infringed Plaintiffs' rights by copying the Subject Videos without Plaintiffs' authorization or consent, creating unlawful derivative works from the Subject Videos, and removing any attribution to Plaintiffs from the Subject Videos.

20. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, had access to the Subject Videos, including, without limitation, through viewing the Subject Videos on Plaintiffs' YouTube Channels, other websites, social media pages, publications, profiles, and/or through other authorized

channels, over the internet, including without limitation as accessed via a search engine, or through a third-party source.

21. Plaintiffs are further informed and believe and thereon allege that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those defendants transacted in order to traffic in the Infringing Uses.

22. Due to Defendants', and each of their, acts of infringement, Plaintiffs have suffered general and special damages in an amount to be established at trial.

23. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Videos. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Videos in an amount to be established at trial.

24. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment as follows against all Defendants and with respect to each claim for relief:

    a. That Defendants, and each of them, as well as their affiliates, agents, and employees be enjoined from infringing Plaintiffs' copyrights in and to the Subject Videos, including, without limitation, an order requiring

Defendants, and each of them, to remove the Subject Videos from their respective websites, social media platforms, marketing and advertisement materials;

b. That Plaintiffs be awarded all profits of Defendants, and each of them, plus all losses of Plaintiffs, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

c. That Plaintiffs be awarded their costs and attorneys' fees to the extent they are available under the Copyright Act 17 U.S.C. § 505, *et seq.*;

d. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringements of Plaintiffs' intellectual property rights;

e. That Plaintiffs be awarded pre-judgment interest as allowed by law;

f. That Plaintiffs be awarded the costs of this action; and

g. That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: February 13, 2025                DONIGER/BURROUGHS

                                By:   /s/ Stephen M. Doniger
                                      Stephen M. Doniger, Esq.
                                      Andres Navarro, Esq.
                                      Attorneys for Plaintiffs